

VIA ECF
Honorable Arelene Lindsay
United States District Court
Eastern District of New York

    Re:    Villelas v. Koi Kokoro. 2:22-CV-01942-JMA-ARL-

Dear Judge Lindsay:

    This office represents Plaintiff Villelas, in the above-referenced matter. In accordance with the holding in *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. 2015), this letter motion is submitted jointly with Defendants to respectfully request that Your Honor approve the within Settlement Agreement and Release (the "Agreement") between the Parties, annexed hereto as Exhibit A.

    This Agreement represents a good faith effort between experienced labor and employment counsel to negotiate an action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), resulting in a settlement which provides Plaintiff with a satisfactory recovery of him damages under applicable law.

I.    **Plaintiff's Allegations and Defendant's Responses**

    On April 5th, 2022, Plaintiff, represented by counsel, commenced a wage and hour lawsuit against Defendants (the "Complaint"). The Complaint alleges that Defendants violated the FLSA and NYLL. Specifically, Plaintiff alleges that Defendants employed him to perform various duties, such as cooking for Koi Kokoro restauran, for which he was not paid for overtime if he worked (40) hours per week. Specifically, Plaintiff alleges that he was employed by Defendants from 2016 until 2021, and that he worked approximately 78 hours per week for the first 3 years of employment and that he was paid a flat salary instead of being compensated for overtime by the hour.

    Defendants dispute the allegations asserted by Plaintiff. First, it is Defendants' position that Plaintiff is incapable of prevailing on minimum wage claims because he was paid the applicable minimum wage ($15.00 per hour) at all relevant times. Additionally, it is Defendants' position that Plaintiff grossly exaggerates the scope of him claims. In fact, Defendants maintain that their records demonstrate that Plaintiff worked limited amount of overtime.

Hon. Arelene Lindsay
Eastern District of New York
December 5, 2022
Page 2

In sum, there is a bona fide dispute between the Parties regarding the merits of Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining.

## II.  Settlement Negotiations

On May 2022 Plaintiff provided Defendants with their damages calculation, which totaled approximately $93,446.00 and included, unpaid wages and liquidated damages. Accordingly, Plaintiff conveyed an initial demand of $80,000. Plaintiff's damage calculations *and* initial demand were wholly based on Plaintiff's maximum possible recovery if he were able to establish each and every claim and did not account for any of the aforementioned arguments comprising Defendants' position. Namely, Plaintiff did not account for weeks where he clearly worked less than (78) seventy eight hours per week.

While the Parties were engaging in discovery pursuant to the Court's Discovery Plan and Scheduling Order, the Parties availed themselves of an Eastern District Mediator. The parties mediated and were able to come to a resolution with the assistance of counsel and mediator Jim Brown.
Moreover, while the Parties were engaging in settlement discussions, Defendants continued to experience a downfall in their business as a result of the COVID-19 variant, Omicron, and rising inflation rates. Defendants were hopeful that their business would turn around following the devastating impact that the COVID-19 pandemic had on New York City restaurants following governmental shutdowns in or about March 2020.

With each party recognizing the risks associated with litigation during and after an uncertain time for all businesses, the Parties came to an agreement to settle the case. Specifically, following extensive negotiations and a full day of mediation, the Parties reached a settlement in the amount of $40,000 inclusive of attorneys' fees and costs, the total amount which will be paid out as follows within 30 days of judicial approval

## III.  The Settlement is Fair and Reasonable

The Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. 2015) provides that stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the Department of Labor. An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc*., No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering

Hon. Arelene Lindsay
Eastern District of New York
December 5, 2022
Page 3

whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the bona fide disputes between the Parties. This is because the Agreement: (1) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses and accounts for the risks in proceeding with the litigation; and (2) is the product of arm's length bargaining between experienced labor and employment counsel which was completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

*The Risk and Expenses Faced by the Parties*

Both Parties in this matter faced substantial risks in moving forward in this litigation. In the event that a trier of fact determined that Plaintiff was paid in accordance with the minimum wage and was properly compensated for all overtime hours, if any, worked, Plaintiff's unpaid wage claims would be in serious jeopardy. Finally, Plaintiff faced the prospect of waiting many months, if not years, for the matter to proceed through trial. Moreover, there remains a very real risk to Plaintiff that Defendants may no longer be economically viable even if he was successful at the end of litigation. At this stage of the proceedings, Plaintiff is obtaining a recovery without having to go through the time-consuming and risky process of litigating him claims.

Conversely, while Defendants were confident that they would be able to challenge Plaintiff's claims, they were also mindful of the risk that Plaintiff may have prevailed on some claims, and that even if Defendants were successful, it would have only occurred after a protracted litigation and at a significant cost – a cost they simply cannot bear given the ongoing pandemic and state of the economy continues to decimate their business. The costs of litigation and prospects of liability for Defendants clearly weighed in favor of early resolution. Accordingly, both Parties faced substantial risks in proceeding with the litigation, which weighs in favor of approval of the Agreement.

*The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion*

It cannot be disputed that the Agreement was the product of legitimate bargaining between experienced labor and employment counsel which was devoid of any resemblance of fraud or collusion. Plaintiff's counsel zealously advocated on behalf of him client from the inception of this matter through negotiating the amount of the settlement, to memorializing the terms of same. Similarly, Defendants' counsel worked to ensure that Defendants reached a settlement where Plaintiff was not receiving any more than he may be entitled to in the event he was successful at trial, while taking into account the expensive cost of a lengthy trial. The Agreement constitutes an effort by experienced labor and employment counsel for both Parties to resolve the dispute under the best possible circumstances for their respective client. Accordingly, the Agreement should be approved by the Court.

Hon. Arelene Lindsay
Eastern District of New York
December 5, 2022
Page 4

### Plaintiff's Application for Attorney's Fees Should be Approved

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York in wage and hour litigation, the Plaintiffs' counsel obtained an excellent result with relatively small expenses. A brief biography of the attorney who performed billed work in this matter is as follows:

   a. Lina Stillman has been practicing law since 2012. From 2012-to 2015, he was an associate at two (2) law firms where he practiced exclusively in the areas of Labor and Employment with an emphasis on wage and hour litigation.
   He opened him law firm in response to the immigrant community's need for Spanish and Portuguese-speaking attorneys to care for their interests exclusively. Miss Stillman speaks fluent Spanish, Italian and Portuguese and is able to translate and communicate to all him clients without the need of a translator.
   He is an active member of the LGBT Rights Committee of the New York City Bar Association and active Pro Bono Counsel at the Associations Bankruptcy Clinic, and the New York Chapter of the National Employment Lawyers Association.

### Conclusion

For all of the reasons set forth above, the Parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith. Counsel represented the plaintiff throughout this lawsuit, and plaintiff's counsel has agreed to the settlement amount based on the approval of her client. The plaintiffs' interests have thus been adequately safeguarded. In full consideration of all the issues, we believe that the Parties' agreement is fair and reasonable and that the settlement should be approved.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The Parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Lina Stillman

cc:   All counsel (*via* ECF)

Hon. Arelene Lindsay
Eastern District of New York
December 5, 2022
Page 5

*Kevin Johnson, Esq.*